UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
DINORAH MARTHA YRENE L.E.,

                      Plaintiff,         DECISION AND ORDER
                                          1:24-CV-06481-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

     In September of 2020, Plaintiff Dinorah Martha Yrene L.E.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

     This case was referred to the undersigned on May 15, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 17). For the following reasons, Plaintiff's motion is due to be granted and this matter is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on September 28, 2020, alleging disability beginning September 14, 2019. (T at 398).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on October 14, 2022, before ALJ Flor M. Suarez. (T at 30-48). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 37-40). The ALJ also received testimony from Stella Frank, a vocational expert. (T at 41-45).

### B.  *ALJ's Decision*

On October 11, 2023, the ALJ issued a decision denying the application for benefits. (T at 10-29). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021 (the date last insured). (T at 18). The ALJ determined that

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

Plaintiff did not engage in substantial gainful activity between September 14, 2019 (the alleged onset date) and the date last insured. (T at 18).

The ALJ concluded that, as of the date last insured, Plaintiff had the following medically determinable impairments: degenerative disc disease of the thoracic spine; "overweight;" venous insufficiency of leg; eye-laser peripheral iridectomy; chronic angle-closure glaucoma, left eye; other vitreous opacities, bilateral; age-related nuclear cataract, bilateral; trichiasis without entropion right and left upper eyelids; dry eye syndrome of bilateral lacrimal glands; lumbar spine – osteopenia; hyperlipidemia; seasonal allergy; status-post left knee surgery (prior to alleged onset date); mixed anxiety and depressed mood; and pain disorder with related psychological factors. (T at 18-19).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 19).

The ALJ further concluded that Plaintiff's physical and mental impairments, considered singly and in combination, do not significantly limit her ability to perform basic work activities and are, thus, not severe impairments as defined under the Social Security Act. (T at 23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between the alleged onset date and the date last insured. (T at 23-24).

On July 8, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 27, 2024. (Docket No. 1).  On March 28, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 18).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on May 20, 2025. (Docket No. 21).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

4

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises one main argument in support of her request for review.  Plaintiff challenges the ALJ's conclusion that none of her medically determinable impairments are severe within the meaning of the Social Security Act.

*A. Step Two Analysis*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly

limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, coworkers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

A "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

In the present case, as noted above, the ALJ recognized Plaintiff's numerous medically determinable physical and mental impairments, but found that they did not, individually or in combination, significantly limit Plaintiff's ability to perform basic work activities as of the date last insured and were, therefore, non-severe. (T at 23).

The Court finds that the ALJ's step two determination regarding Plaintiff's physical impairments cannot be sustained even under the deferential standard of review applicable here. Here's why.

The ALJ's conclusion is contrary to the opinions of all four physicians who provided functional assessments.

Dr. S. Jacob, a non-examining State Agency review consultant, opined that Plaintiff had a severe abnormality of a major joint, which limited her to occasionally lifting 20 pounds; frequently lifting 10 pounds; standing/walking for about 6 hours in an 8-hour workday; occasionally climbing ladders, ropes, or scaffolds; and occasionally crouching, crawling, and kneeling. (T at 61-63). Dr. Jacob further concluded that Plaintiff was limited to occasional overhead reaching with her left upper extremity. (T at 63).

On reconsideration, Dr. C. Levit, another State Agency review physician, diagnosed Plaintiff with severe abnormality of a major joint and

9

limited her to occasional overhead reaching with her left upper extremity, and assessed the same exertional limitations as Dr. Jacob. (T at 74-79).

Dr. Ram Ravi performed a consultative examination in July of 2021. He diagnosed left shoulder pain and left knee pain and characterized Plaintiff's prognosis as "guarded." (T at 715). Dr. Ravi assessed mild limitation as to bending; moderate limitation with respect to overhead reaching on the left, pushing, pulling, lifting, and carrying; and recommended Plaintiff avoid squatting. (T at 715).

Dr. Mihail Medvedovsky, Plaintiff's treating primary care provider, completed a residual functional capacity assessment in May of 2022. He noted a diagnosis of lumbar radiculopathy and opined that Plaintiff could occasionally lift/carry up to 5 pounds, but never more than that, could stand/walk/sit for about 1 hour in an 8-hour workday, would need to take unscheduled breaks throughout the workday, and was limited to occasional reaching. (T at 838-41).

The ALJ found all four of these assessments unpersuasive based primarily on her review of the treatment record, which she characterized as "very limited" and with reports of clinical examinations in which Plaintiff demonstrated normal strength. (T at 21-22).

The ALJ erred by considering each of the opinions in isolation without accounting for the important consistency between the assessments, particularly to the extent all the physicians shared the view that Plaintiff had a severe impairment(s) that would impact her ability to perform key work activities including lifting, carrying, and reaching. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

Further, the ALJ deemed Dr. Ravi's assessment unpersuasive because of the examiner's use of the term "moderate" to describe Plaintiff's limitations, which the ALJ found "vague," and rejected Dr. Medvedovsky's opinion because no treatment records were provided from at or around the time, he completed the assessment form. (T at 22).

Because the ALJ did find any of the medical opinions persuasive, it was error for her to conclude that Plaintiff's impairments were non-severe without re-contacting Dr. Ravi for clarification and/or re-contacting Dr. Medvedovsky for updated treatment records or further justification for his opinion. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

Accordingly, for these reasons, a remand is required for proper consideration of the evidence concerning the extent of limitations arising from Plaintiff's physical impairments. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017) (remanding where ALJ "improperly assume[d] the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022 WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Balotti v. Comm'r of Soc. Sec.*, No. 20-CV-8944 (RWL), 2022 WL 1963657, at *6 (S.D.N.Y. June 6, 2022).

*B. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand is required for the reasons set forth above.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED, and this matter is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: June 30, 2025                              *s/ Gary R. Jones*
                                                                   GARY R. JONES
                                                                   United States Magistrate Judge